IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STACY BANKHEAD, HUNTER KINZER,<br><br>           Plaintiffs,<br><br>   vs.<br><br>DAVID IGE, et al.,<br><br>           Defendants. | CIVIL NO. 20-00161 JAO-RT<br><br>ORDER DENYING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS |

### ORDER DENYING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiffs Stacy Bankhead and Hunter Kinzer's (collectively "Plaintiffs") Application to Proceed In Forma Pauperis ("IFP Application"), filed April 16, 2020.  A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status

must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Based on the present record, the Court is unable to ascertain whether Plaintiffs are entitled to proceed IFP. Paragraph two of the Application asks for the amount of gross and take-home pay or wages per specific period. Ms. Bankhead responds that her gross wages for the period January-April 2020 were $49.06. This question is phrased in such a manner—"per (specific pay period)"—to elicit the frequency with which wages are collected, i.e., weekly, bi-weekly, monthly, etc., not a snapshot of earnings for a specific window of time.

Paragraph three of the Application requires identification of all sources of income for the past 12 months. For the identified source(s) of income, a plaintiff must describe the source of money and state the amount received and the amount he or she expects to receive in the future. Here, Ms. Bankhead represents that she received child support. However, she has not provided the amount received, nor the amount she expects to receive in the future.

Paragraph five of the Application asks for assets owned by the applicant, and their approximate value. Ms. Bankhead lists a home located at 53-694 Kamehameha Hwy, Hauula, Hawaiʻi 96717, but has not provided the value. According to the City and County of Honolulu Real Property Assessment Division,

this property is valued at $1,110,300.  *See* http://www.honolulupropertytax.com (last visited Apr. 16, 2020).

The information provided suggests that Plaintiffs are unlikely to qualify for IFP status, but the Court will give them an opportunity to provide the missing information identified herein, and any necessary explanations, so it can make a proper assessment.

For these reasons, the Court DENIES WITHOUT PREJUDICE Plaintiffs' IFP Application.  If Plaintiffs wish to resubmit an Application addressing the identified deficiencies, they must do so by **April 30, 2020**.[1]  Plaintiffs must provide all information requested in the Application; in particular, Ms. Bankhead's wages/salary and the frequency of payment; the amount of child support received and the amount she expects to receive; and the value of the real property identified.  If Plaintiffs elect to pay the applicable filing fee, they must do so by **April 30, 2020**.  Failure to file another IFP Application or submit the applicable filing fee by **April 30, 2020** will result in the dismissal of this action.

---

[1]  Plaintiffs are cautioned that even assuming they submit an Application that provides the requisite information, the Court will screen the Complaint, which could result in the dismissal of the action.  *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(A) the allegation of poverty is untrue; or (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, April 16, 2020.

Jill A. Otake
United States District Judge

CV 20-00161 JAO-RT; *Bankhead v. Ige, et al.*; ORDER DENYING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS